UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

BRIAN ROFFE PROFIT SHARING PLAN, et :     Civil Action No. 1:12-cv-04081-RWS
al., Individually and On Behalf of All Others : 
Similarly Situated,                           :     <u>CLASS ACTION</u>
                                           : 
                     Plaintiffs,      : 
                                           : 
       vs.                              : 
                                         : 
FACEBOOK, INC., et al.,             : 
                                         : 
                   Defendants.      : 

———————————————————————— :

MAREN TWINING, Individually and On :     Civil Action No. 1:12-cv-04099-RWS
Behalf of All Others Similarly Situated,     : 
                                         :     <u>CLASS ACTION</u>
                    Plaintiff,       : 
                                           : 
       vs.                              : 
                                         : 
FACEBOOK, INC., et al.,             : 
                                         : 
                   Defendants.      : 

———————————————————————— :

GOLDRICH COUSINS P.C. 401(K) PROFIT :     Civil Action No. 1:12-cv-04131-RWS
SHARING PLAN & TRUST, Individually and : 
On Behalf of All Others Similarly Situated, :     <u>CLASS ACTION</u>
                                         : 
                    Plaintiff,       : 
                                           : 
       vs.                              : 
                                         : 
FACEBOOK, INC., et al.,             : 
                                         : 
                   Defendants.      : 

———————————————————————— x

[Caption continued on following page.]

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF EIFFEL TOWER
VENTURES, LLC, THE GAF UNIT TRUST AND WHITE DUNE LLC'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS

———————————————————— x

| | |
|---|---|
| IRVING S. BRAUN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:12-cv-04150-RWS |
| | CLASS ACTION |

Plaintiff,

    vs.

FACEBOOK, INC., et al.,

        Defendants.

————————————————————

| | |
|---|---|
| ALEXIS ALEXANDER, as custodian for Chloe Sophie Alexander, et al., Individually, on Behalf of All Others Similarly Situated, | Civil Action No. 1:12-cv-04157-RWS |
| | CLASS ACTION |

Plaintiffs,

    vs.

FACEBOOK, INC., et al.,

        Defendants.

————————————————————

| | |
|---|---|
| DOUGLAS M. LIGHTMAN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:12-cv-04184-RWS |
| | CLASS ACTION |

Plaintiff,

    vs.

FACEBOOK, INC., et al.,

        Defendants.

———————————————————— x

[Caption continued on following page.]

―――――――――――――――――――――――― x

KATHY REICHENBAUM, Individually and    :   Civil Action No. 1:12-cv-04194-RWS
On Behalf of All Others Similarly Situated,    :
                                               :   <u>CLASS ACTION</u>
                                               :
                    Plaintiffs,                :
                                               :
          vs.                                  :
                                               :
FACEBOOK, INC., et al.,                        :
                                               :
                                               :
                    Defendants.                :

―――――――――――――――――――――――――

JUSTIN F. LAZARD, On Behalf of Himself    :   Civil Action No. 1:12-cv-04252-RWS
and All Others Similarly Situated,             :
                                               :   <u>CLASS ACTION</u>
                    Plaintiff,                 :
                                               :
          vs.                                  :
                                               :
FACEBOOK, INC., et al.,                        :
                                               :
                    Defendants.                :

―――――――――――――――――――――――――

SYLVIA GREGORCZYK, On Behalf of    :   Civil Action No. 1:12-cv-04291-RWS
Herself and All Others Similarly Situated,     :
                                               :   <u>CLASS ACTION</u>
                    Plaintiff,                 :
                                               :
          vs.                                  :
                                               :
FACEBOOK, INC., et al.,                        :
                                               :
                    Defendants.                :

―――――――――――――――――――――――― x

[Caption continued on following page.]

```
_____x
PETER BRINCKERHOFF, Individually and     :   Civil Action No. 1:12-cv-04312-RWS
On Behalf of All Others Similarly Situated,  :
                                         :   CLASS ACTION
                    Plaintiff,           :
                                         :
          vs.                            :
                                         :
FACEBOOK, INC., et al.,                  :
                                         :
                    Defendants.          :
_____
DAVID GOLDBERG, et al., Individually and :   Civil Action No. 1:12-cv-04332-RWS
On Behalf of All Others Similarly Situated,  :
                                         :   CLASS ACTION
                    Plaintiffs,          :
                                         :
          vs.                            :
                                         :
FACEBOOK, INC., et al.,                  :
                                         :
                    Defendants.          :
_____
RICHARD P. EANNARINO, Individually and   :   Civil Action No. 1:12-cv-04360-RWS
On Behalf of All Others Similarly Situated,  :
                                         :   CLASS ACTION
                    Plaintiff,           :
                                         :
          vs.                            :
                                         :
FACEBOOK, INC., et al.,                  :
                                         :
                    Defendants.          :
_____x
```

[Caption continued on following page.]

|  | x |  |
|---|---|---|
| PETER MAMULA, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No. 1:12-cv-04362-RWS |
|  | : | CLASS ACTION |
| Plaintiffs, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| FACEBOOK, INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |

| ELLIOT LEITNER, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No. 1:12-cv-04551-RWS |
|---|---|---|
|  | : | CLASS ACTION |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| FACEBOOK, INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |

| HOWARD SAVITT, On Behalf of Himself and All Others Similarly Situated, | : | Civil Action No. 1:12-cv-04648-RWS |
|---|---|---|
|  | : | CLASS ACTION |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| FACEBOOK, INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | x |  |

[Caption continued on following page.]

```
                                        x
STEVE SEXTON, et al., Individually and On   :   Civil Action No. 1:12-cv-04777-RWS
Behalf of All Others Similarly Situated,    :
                                        :   CLASS ACTION
                    Plaintiffs,         :
                                        :
            vs.                         :
                                        :
FACEBOOK, INC., et al.,                 :
                                        :
                    Defendants.         :
                                        :
ROBERT L. LOOMIS, et al., On Behalf of  :   Civil Action No. 1:12-cv-05511-UA
Themselves and All Others Similarly Situated, :
                                        :   CLASS ACTION
                    Plaintiffs,         :
                                        :
            vs.                         :
                                        :
FACEBOOK, INC., et al.,                 :
                                        :
                    Defendants.         :
                                        :
                                        x
```

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT .........................................................................................................2

      A.    The Personal Investment Funds Are Entitled to Most Adequate Plaintiff
            Status...........................................................................................................2

      B.    No Movant Has Offered Any Proof to Rebut the Presumption of Most
            Adequate Plaintiff Afforded to the Personal Investment Funds .............................3

            1.    The Institutional Investor Group's Concerns Do Not Detract from
                  the Personal Investment Funds' Adequacy..................................................3

            2.    The Court Does Not Need to Further Consider the Other Movants'
                  Arguments ..................................................................................................7

            3.    The Institutional Investor Group Cannot Overcome its Deficiencies..........7

      C.    The Related Actions Should be Consolidated and the Court Should Not
            Delay in Ruling on the Motions..................................................................9

III.  CONCLUSION....................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Freudenberg v. E\*Trade Fin. Corp.*,
  No. 07 Civ 8538, 2008 U.S. Dist. LEXIS 62767
  (S.D.N.Y. July 17, 2008) ........................................................................................9

*Goldstein v. Puda Coal, Inc.*,
  827 F. Supp. 2d 348 (S.D.N.Y. 2011)......................................................................8

*In re Moody's Corp. Sec. Litig.*,
  599 F. Supp. 2d 493 (S.D.N.Y. 2009)......................................................................9

*In re Smith Barney Transfer Agent Litig.*,
  No. 05 Civ 7583 (WHP), 2006 WL 991003
  (S.D.N.Y. Apr. 17, 2006)..........................................................................................6

*In re Take-Two Interactive Sec. Litig.*,
  551 F. Supp. 2d 247 (S.D.N.Y. 2008)......................................................................9

*In re Tarragon Corp. Sec. Litig.*,
  No 07 CIV 7972 (PKC), 2007 WL 4302732
  (S.D.N.Y. Dec. 6, 2007).............................................................................................5

*In re Tronox, Inc. Securities Litigation*,
  262 F.RD. 338 (S.D.N.Y. 2009) ...........................................................................8, 9

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) ..............................................................................9

*Landry v. Price Waterhouse Chartered Accountants*,
  123 F.R.D. 474 (S.D.N.Y. 1989) ..............................................................................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ..............................................................................6

*Schriver v. Impac Mortg. Holdings, Inc.*,
  No. SACV 06-31 CJC (RNBx), 2006 WL 6886020
  (C.D. Cal. May 2, 2006) ............................................................................................4

*Sofran v. LaBranche & Co.*,
  220 F.R.D. 398 (S.D.N.Y. 2004) .........................................................................1, 4

**Page**

*Vladimir v. Bioenvision*,
  No. 07 Civ. 6416 (SHS) (AJP), 2007 U.S. Dist. LEXIS 93470
  (S.D.N.Y. Dec. 21, 2007)............................................................................................6

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  §77z-1(a)(3)(B)(i) .............................................................................................10
  §77z-1(a)(3)(B)(iii)(II)........................................................................................3

Eiffel Tower Ventures, LLC ("Eiffel Tower"), The GAF Unit Trust and White Dune LLC (the "Personal Investment Funds") respectfully submit this reply memorandum of law in further support of the motion of the Personal Investment Funds to consolidate the related actions, to be appointed lead plaintiff and to have their selection of counsel approved and in response to the opposition of the competing movants.

## I.   INTRODUCTION

The Personal Investment Funds possess the largest financial interest of all lead plaintiff movants which satisfy the typicality and adequacy requirements of the PSLRA.  Significantly, only one movant, the Institutional Investor Group,[1] has raised any concerns with the Personal Investment Funds' adequacy to represent the class here.  Those "concerns," though, do not detract from the most adequate plaintiff presumption afforded to the Personal Investment Funds.

For example, the Institutional Investor Group argues that the Personal Investment Funds' motion is "defective" because it does not include a representation from its members that they are familiar with a lead plaintiff's duties under the PSLRA.  What the Institutional Investor Group fails to note, though, is that this Court has already rejected imposing requirements on lead plaintiff movants beyond those set forth in, and mandated by, the PSLRA.  *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403 (S.D.N.Y. 2004) (Sweet, J.).  Moreover, as in *Sofran*, the Institutional Investor Group here "has cited no case which requires that the certifications include language beyond the statutory requirements."  *Id*.

Nonetheless, the Personal Investment Funds have filed a Joint Declaration which plainly explains their authority to pursue this litigation, their understanding of their role as lead plaintiff, the

---

[1]      All capitalized terms are as defined in the Memorandum of Law in Further Support of the Personal Investment Funds Motion, dated August 9, 2012 ("PIF Opp.").

benefits of their joint representation, and their desire to maximize a recovery for the class.  *See* Joint Declaration of the Personal Investment Funds (the "Joint Declaration" or "Joint Decl. at ¶__"), filed herewith, at ¶¶2, 5-8.  Importantly, and unlike the Institutional Investor Group, the Personal Investment Funds have no conflicts of interest with representing the class, no sideshow will be created by their representation, and they intend to act as effective advocates in an efficient manner.

Movants William H. Anhood, Jose and Mary Galvan and Rick Pond, the only other movants who filed responses to the opening motions, limit their opposition to the Personal Investment Funds' motion to the extent that it seeks to appoint institutional investors as lead plaintiff, each one claiming that it is proper for the Court to appoint the non-institutional investor with the largest financial interest as lead or co-lead plaintiff.  Because the Personal Investment Funds are a group of three ***non***-institutional investors, this argument actually supports the granting of the Personal Investment Funds' motion.

For these reasons, and as set forth in their prior submissions, the Personal Investment Funds respectfully request that their motion be granted in its entirety.

## II.   ARGUMENT

### A.   The Personal Investment Funds Are Entitled to Most Adequate Plaintiff Status

The Personal Investment Funds are the only movants which have the largest financial interest in this action, are adequate and typical, and are not subject to any unique defenses.  They: (i) lost approximately $1.5 million; (ii) purchased their shares directly in Facebook's IPO or on its first day of public trading; and (iii) have retained competent and experienced counsel to represent them in this matter.  As the Institutional Investor Group itself notes, the presumption of most adequate plaintiff can only be rebutted upon actual "proof" that the presumptive lead plaintiff is atypical or inadequate. *See* Memorandum of Law in Further Support of the Motion of the Institutional Investor Group, dated

August 9, 2012 ("IIG Opp."), at 3, citing 15 U.S.C. §77z-1(a)(3)(B)(iii)(II).  Here, no proof of any

kind has been submitted to rebut the presumption afforded to the Personal Investment Funds.  Their

motion should therefore be granted.

> **B.**   **No Movant Has Offered Any Proof to Rebut the Presumption of Most Adequate Plaintiff Afforded to the Personal Investment Funds**
>
> > **1.**   **The Institutional Investor Group's Concerns Do Not Detract from the Personal Investment Funds' Adequacy**

While the Institutional Investor Group concedes in its opposition that speculative attacks

against the presumptive lead plaintiff are improper and should be rejected out of hand, its opposition

to the Personal Investment Funds' motion is nonetheless limited to speculative arguments.[2]  *See* IIG

Opp. at 9-10; *Compare with* PIF Opp. at 2-5, 7-13 (raising concerns of ***actual*** conflicts of interest

regarding the largest member of the Institutional Investor Group based on financial and political ties

between the NCRS's sole trustee and defendant Erskine Bowles, who sits on the boards of Facebook

and the lead underwriter defendant (and Mrs. Bowles, who sits on the board of one of the other

underwriter defendants), as well as significant concerns about the timing of the Facebook stock

purchases of the Banyan Fund, another member of the Institutional Investor Group).

*First*, the Institutional Investor Group argues that the Personal Investment Funds' motion is

defective because it did not include any evidence regarding the background of its members or how

its members intend to litigate this action.  *See* IIG Opp. at 9.  The Institutional Investor Group further

---

[2]      After making these arguments in its opposition brief, the Institutional Investor Group subsequently sent a letter to counsel for the Personal Investment Funds, raising additional arguments and further demanding that the Personal Investment Funds preview their reply arguments four days before the deadline by which replies were due.  *See* Letter from counsel for the Institutional Investor Group, attached hereto as Exhibit A.  As set forth in the response filed by counsel for the Personal Investment Funds, attached hereto as Exhibit B, the information provided in this response should adequately address all of those concerns.

contends that "strikingly absent from the [Personal Investment Funds'] initial motion is any statement that its members are familiar with the duties with which they are charged under the PSLRA in representing a class of investors." *Id*.  While the Institutional Investor Group has now raised these concerns and the Personal Investment Funds provide their response in the accompanying Joint Declaration, there is no requirement under the PSLRA that this type of information be included with one's motion.[3]  *See Sofran*, 220 F.R.D. at 403 (rejecting argument that certifications failed to demonstrate investor group's "understanding of the litigation and their willingness to serve as lead plaintiffs" and appointing the group as lead plaintiff since "it has executed and submitted the precise certifications required under the PSLRA" and the other movant "has cited no case which requires that the certifications include language beyond the statutory requirements.").  Here as well, the Institutional Investor Group has failed to cite to any provision in the PSLRA or any caselaw to support their argument that a motion must "include language beyond the statutory requirements." *Id*.  As the Joint Declaration makes clear, however, the Personal Investment Funds are investment entities that understand their obligations as lead plaintiff and are committed to maximizing the recovery for the class.  *See* Joint Decl. at ¶¶2, 5-9.

---

[3]     The Institutional Investor Group cites to a district court case from the Ninth Circuit to suggest that the Court should not consider any evidence regarding the Personal Investment Funds at this stage.  *See* IIG Opp. at 10 (citing *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020 (C.D. Cal. May 2, 2006)).  The law in this Circuit, however, does not require any showings or statements, beyond the PSLRA's requirements, at the time that motions are filed.  *See Sofran*, 220 F.R.D. at 403.  Moreover, the holding in *Schriver* concerned two competing lead plaintiff movants who combined their motions together and were told by the court at a hearing on the motion that it was too late to first then prepare and submit evidentiary support for the structure of their motion.  2006 WL 6886020 at *8, n.10.  Here, by contrast, the Joint Declaration filed by the Personal Investment Funds is appropriately filed at this juncture because the representations that it contains have been timely filed in response to arguments raised in opposition.

*Second*, the Institutional Investor Group contends that the Personal Investment Funds "appear to be a group of unrelated and opaque entities which is unable to supervise the litigation and act separate and apart from its lawyers." IIG Opp. at 9. There is no evidence to support this contention. Indeed, as set forth in their Joint Declaration, the three entities that comprise the Personal Investment Funds are simply entities created for the purpose of making investments. *See* Joint Decl. at ¶¶2, 5-6. The names of each moving entity has been provided and each entity's motion was filed by a person authorized to act on its behalf.[4] *Id*. The members of the Personal Investment Funds have further stated that they "understand [their] obligation under the PSLRA to act as a fiduciary to the class," *Id*. at ¶7, and that they "will continue to direct counsel and actively oversee the prosecution of the action for the benefit of the class by, among other things, reviewing pleadings, conferring amongst ourselves, directing counsel and/or attending hearings as necessary." *Id*. at ¶8. They have also "conferred among [themselves] to implement communication procedures to enable [them] to confer via phone and/or email on short notice to ensure that [they] are able to make timely decisions." *Id*. at ¶9. Given these representations, the Personal Investment Funds have established that they are readily able to supervise this litigation and act separate and apart from their lawyers.

*Third*, the Institutional Investor Group argues that there is cause for further concern because an individual named AT Mathis is listed as a nominee of Eiffel Tower. As explained in the Joint Declaration, however, Mr. Mathis's company was hired to file the necessary paperwork to form the

---

[4]     Unlike the movant in *In re Tarragon Corp. Sec. Litig.*, No 07 CIV 7972 (PKC), 2007 WL 4302732 (S.D.N.Y. Dec. 6, 2007), cited to by the Institutional Investor Group, the Personal Investment Funds have submitted evidence here that they have functioned as a group, that they have communicated with one another and that they will continue do so in the future. *See* Joint Decl. at ¶¶7-10. Moreover, during the course of their discussions, the Personal Investment Funds also agreed upon a method for resolving any disputes, should any arise.

corporate structure of Eiffel Tower, but "neither he nor his company have any role at Eiffel Tower and he certainly has no role in the management of Eiffel Tower." *Id*. at ¶3.  Mr. Mathis "was also not involved in any way in Eiffel Tower's investment in Facebook and he will have no role in this lawsuit.  His listing as nominee is nothing more than as a point of contact since he assisted with the formation of Eiffel Tower as a legal entity." *Id*.  Thus, Mr. Mathis has nothing to do with this lawsuit and any concerns about him are irrelevant.

Lastly, the Institutional Investor Group raises questions about Eifel Tower's certification and the authority of its signatory, Mr. Romero.[5]  As explained in the Joint Declaration, Mr. Romero is "authorized to act on behalf of Eiffel Tower in connection with this lawsuit and was authorized to seek appointment as lead plaintiff on its behalf." *Id*. at ¶2.[6]

---

[5]     The Institutional Investor Group's citation to *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2006 WL 991003 (S.D.N.Y. Apr. 17, 2006), to contend that there is a requirement that the certification describe a signatory's power and authority to bring an action, is wrong.  As Judge Pauley noted there, the absence of authority on the face of the certification was an argument raised by one of the movants ("According to the Chiumento Group . . . .").  Contrary to what the Institutional Investor Group claims, there is nothing in Judge Pauley's opinion that ***requires*** a certification to describe the signatory's power and authority to bring an action.  Regardless, Mr. Romero has adequately explained his authority in the Joint Declaration.  *See* Joint Decl. at ¶2.

[6]     Mr. Romero further explains that he has now submitted a corrected certification due to a typographical error that was made on Eiffel Tower's original certification which mistakenly had the title "Esq." typed in next to his name.  *See* Joint Decl. at ¶4.  At the time that he signed the certification, Mr. Romero did not notice that the word "Esq." had been inadvertently typed in next to his name, *id*., and he has filed the corrected certification to correct the record.  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,* 229 F.R.D. 395, 407 (S.D.N.Y. 2004) (noting that the "adequacy of any certificates submitted here will not be considered a determinative factor at this stage, whatever the import of a certificate's adequacy may be at a later portion of the proceedings."); *see also Vladimir v. Bioenvision*, No. 07 Civ. 6416 (SHS) (AJP), 2007 U.S. Dist. LEXIS 93470, at *34 (S.D.N.Y. Dec. 21, 2007) (court permitted presumptive lead plaintiff to submit revised certification to correct misstatement attributable to drafter's error).

### 2.     The Court Does Not Need to Further Consider the Other Movants' Arguments

The only other movants who filed opposition memoranda are the Anhood/Galvan Group and Mr. Pond.  Their argument, however, that the Court should appoint the non-institutional investor with the largest financial interest as lead plaintiff, supports the appointment of the Personal Investment Funds as lead plaintiff and, as such, need not be further considered by the Court.  *See* Joint Decl. at ¶¶2, 5-6 (noting that each of the Personal Investment Funds is not an institutional investor).

### 3.     The Institutional Investor Group Cannot Overcome its Deficiencies

The NCRS and the Banyan Fund, the two largest members of the Institutional Investor Group, are not proper lead plaintiffs in this action.[7]  The NCRS is so overwhelmingly entangled with the defendants in this action, *see* PIF Opp. at 2-4, 7-9, that even to the extent that it is ultimately able to extricate itself and somehow explain these numerous conflicts of interest, its motion must still be denied.  *See Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y. 1989) (holding that where an investor seeking to represent a class is subject to unique defenses,

---

[7]     In its opposition, the Institutional Investor Group, citing to ¶¶9-13 of its Joint Declaration, states that "the [Institutional Investor] Group was formed independently by institutions with pre-existing relationships." IIG Opp. at 6.  A review of ¶¶9-13 of the Institutional Investor Group's Joint Declaration, however, makes it clear that the group was ***not*** formed by the institutions but rather by their counsel.  *See id.* at ¶¶10-11.  And, the group was not formed by institutions with preexisting relationships because, of the four members of the group, Arkansas Teachers and Fresno are the only ones which appear to have some type of preexisting relationship.  While representatives of Arkansas Teachers may have been at a convention almost two years ago that was also attended by representatives of NCRS, that incidental appearance – with no claim that either party even greeted the other – does not constitute a preexisting relationship.  Finally, the Banyan Fund does not even attempt to claim that it has a preexisting relationship with any of its co-movants.  Thus, it is unclear what the Institutional Investor Group meant to convey when it stated that it "was formed independently by institutions with pre-existing relationships."

"whether these defenses will be successful is of no matter.  The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members").

The timing of the Banyan Fund's purchases also undermines its ability to adequately represent the class since it made 100% of its class period purchases of Facebook stock on May 21, 2012 and May 22, 2012, **after** *Reuters* had already publicly reported on Facebook's revision to its guidance – the core misrepresentation and omission from the IPO Offering Materials, as alleged by the Banyan Fund's own counsel.  To justify its appointment, the Banyan Fund may seek to rely on *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348 (S.D.N.Y. 2011) and *In re Tronox, Inc. Securities Litigation*, 262 F.RD. 338 (S.D.N.Y. 2009).  Those cases are inapposite.

As an initial matter, both *Goldstein* and *In re Tronox* concerned fraud claims for materially false and misleading statements made by defendants and the courts' concerns were whether or not the partial disclosure at issue adequately disclosed the fraud.  Here, Plaintiffs' claims – including the claims of Banyan Fund's own counsel – are that the Offering Documents issued in connection with Facebook's IPO contained untrue statements and omissions of material fact because they failed to disclose that, at the time of the IPO, Facebook had altered its earnings guidance.  The disclosure on May 19 that Facebook had reduced its guidance during a road show, followed by the disclosure on May 22 that Morgan Stanley cut Facebook's estimates just before the IPO, are precisely what plaintiffs allege that they were not aware of prior to making their investment in Facebook.  Since the Banyan Fund **knew** about Facebook's revised financial projections before it purchased Facebook stock, how will it be able to argue, as class members must, that it was harmed by the omission of these revised financial projections in the Offering Documents?

Moreover, in *Goldstein*, the court held that an investor which purchased stock after an internet blogger published an article critical of the corporate defendant could still be a lead plaintiff

in a fraud lawsuit because the blog could not have provided "any curative disclosure" that the Company's prior statements were false.  *Id.* (citation omitted).[8]  Here, by contrast, ***before*** Banyan purchased any Facebook shares, *Reuters* had already reported that Facebook had revised its projections – the very piece of information that is alleged to have been omitted from the Offering Documents.

Similarly, in *In re Tronox,* the partial disclosures did not "sufficiently correct Tronox's prior false and misleading statements or make [the movant] or any other class member actually aware of the fraud."  *Id.* at 346.  Here, however, the disclosures that were made ***before*** the Banyan Fund's purchases made the Banyan Fund aware of the information that was previously omitted from the Offering Documents.[9]

**C.    The Related Actions Should be Consolidated and the Court Should Not Delay in Ruling on the Motions**

All of the actions that assert claims under Sections 11, 12(a)(2) or 15 of the Securities Act of 1933 or Section 20A of the Securities Exchange Act of 1934 against Facebook, its directors and underwriters should be consolidated and no adequate justification has been provided by any of the movants to keep the cases separate.

--------------------------------------------------------

[8]    To be sure, a news article from a credible source, such as *Reuters,* can be a proper source for a curative disclosure.  *See, e.g., In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 290 (S.D.N.Y. 2008) (where curative partial disclosure was based on an article in *The New York Times*); *In re Moody's Corp. Sec. Litig.*, 599 F. Supp. 2d 493, 512-13 (S.D.N.Y. 2009) (curative disclosure was based on reports in *The Wall Street Journal* and *The Financial Times*).

[9]    To the extent that the Court determines that the Personal Investment Funds have not sufficiently demonstrated that the Institutional Investor Group's motion should be denied, it is respectfully submitted that, at a minimum, the Court should appoint the Personal Investment Funds as co-lead plaintiff and approve of their selection of counsel as co-lead counsel.  *See Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 121 (S.D.N.Y. 2010); *Freudenberg v. E*Trade Fin. Corp.*, No. 07 Civ. 8538, 2008 U.S. Dist. LEXIS 62767, *21-*22 (S.D.N.Y. July 17, 2008).

Defendants take no position on the motions for appointment of lead plaintiff but do ask this Court to defer ruling on any of the pending motions until after the MDL issues its ruling on their motion to transfer all related actions to a single court for coordination and/or consolidation, which is currently pending before the Panel.  Any such delay is unwarranted and in conflict with the PSLRA which provides that the Court should consider these motions "[n]ot later than 90 days after the date on which notice is published."  15 U.S.C. §77z-1(a)(3)(B)(i).

## III.    CONCLUSION

For all the foregoing reasons, the Personal Investment Funds respectfully request that the Court: (i) appoint them as lead plaintiff; (ii) approve their selection of lead counsel; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  August 20, 2012

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


_/s/ David A. Rosenfeld_
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRIG R. SMITH
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

_[Proposed] Lead Counsel for Plaintiffs_

- 10 -

CRIDEN & LOVE, P.A.
MICHAEL E. CRIDEN
7301 SW 57th Court, Suite 515
South Miami, FL  33143
Telephone:  305/357-9000
305-357-9050 (fax)

*Additional Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, David A. Rosenfeld, hereby certify that, on August 20, 2012, I caused a true and correct copy of the annexed document to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ David A. Rosenfeld*
David A. Rosenfeld

**Mailing Information for a Case 1:12-cv-04081-RWS**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brant Warren Bishop**
  bbishop@kirkland.com,bella.more@kirkland.com,erin.johnston@kirkland.com,nate.kritzer@kirkland.com,melody.wells@kirkland.com,elizabeth.olsen@kirkland.com,l

- **Robert N Cappucci**
  rcappucci@entwistle-law.com,jpalazzolo@entwistle-law.com

- **Vincent Roger Cappucci**
  vcappucci@entwistle-law.com,mmezzina@entwistle-law.com,ncasey@entwistle-law.com,mgayle@entwistle-law.com

- **Andrew Brian Clubok**
  aclubok@kirkland.com,elizabeth.olsen@kirkland.com,bella.more@kirkland.com,tessa.strasser@kirkland.com,kenymanagingclerk@kirkland.com,melody.wells@kirkla

- **Jordan Abraham Cortez**
  jcortez@entwistle-law.com,scasey@entwistle-law.com

- **Todd G. Cosenza**
  tcosenza@willkie.com,maosdny@willkie.com

- **Andrew Ditchfield**
  andrew.ditchfield@davispolk.com

- **Charles S. Duggan**
  charles.duggan@dpw.com,ecf.ct.papers@dpw.com

- **Andrew J Entwistle**
  aentwistle@entwistle-law.com,mgayle@entwistle-law.com

- **Jack Gerald Fruchter**
  jfruchter@aftlaw.com

- **Deborah R Gross**
  debbie@bernardmgross.com

- **Sean M. Handler**
  ecf_filings@ktmc.com,namjed@ktmc.com,dcheck@ktmc.com

- **Nancy Kaboolian**
  nkaboolian@abbeyspanier.com

- **Kevin Sylvan Landau**
  klandau@tcllaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,lpvega@pomlaw.com

- **Tariq Mundiya**
  maosdny@willkie.com,tmundiya@willkie.com

- **Gregory Mark Nespole**
  nespole@whafh.com

- **William Stephen Norton**
  bnorton@motleyrice.com,kweil@motleyrice.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James P. Rouhandeh**
  james.rouhandeh@dpw.com,ecf.ct.papers@davispolk.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Peter George Safirstein**
  psafirstein@forthepeople.com

- **Frank Rocco Schirripa**
  fs@hachroselaw.com,ss@hachroselaw.com

- **Gerald H. Silk**
  jerry@blbglaw.com,errol.hall@blbglaw.com

- **Robert B. Weintraub**
  weintraub@whafh.com

- **Robert B. Weiser**
  rw@weiserlawfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Douglas M. Lightman**
,

**Joseph M Profy**
The Weisler Law Firm, P.C.
121 N. Wayne Avenue, Suite 100
Qayne, PA 19087

**David C. Walton**
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P.
655 W. Broadway
Suite 1900
San Diego, CA 92101-3301