# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA

GERALD H. SILK
jerry@blbglaw.com
212-554-1282

August 15, 2012

**VIA E-MAIL**

Samuel H. Rudman
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, New York 11747

Re:   *Brian Roffe Profit Sharing Plan v. Facebook, Inc.*, No. 12-cv-04081 (RWS)

Dear Sam:

      As you know, my firm, together with Labaton Sucharow LLP, represents the North Carolina Department of State Treasurer on behalf of the North Carolina Retirement Systems, Banyan Capital Master Fund Ltd., Arkansas Teacher Retirement System, and the Fresno County Employees' Retirement Association (collectively, the "Institutional Investor Group") in the above-referenced matter. We write regarding several serious questions and concerns that we have about the suitability of Eiffel Tower Ventures, LLC ("Eiffel Tower"), The GAF Unit Trust ("GAF"), and White Dune LLC ("White Dune"), to serve as Lead Plaintiff in this case. In particular, we ask that you identify the individuals associated with each of those entities who would be responsible for making litigation decisions and supervising counsel if your clients are appointed Lead Plaintiff in the *Facebook* litigation. To date, the only information that has been provided about your clients is the names of the corporate entities you represent and the names of the individuals who signed their respective certifications.

      The only individual associated with Eiffel Tower whose identity can be ascertained from public records appears to have merely been hired to file its formation papers. As noted in the brief we filed on August 9, 2012, Eiffel Tower was formed less than five months ago in Nevada, and, according to the Nevada Secretary of State's website, Eiffel Tower lists the name of its sole manager as "AT Mathis." We believe Mr. Mathis is Andrew Tobin Mathis, CEO of Business Office Suite Services, Inc. ("BOSS"). BOSS assists in the formation of new corporate entities, and Mr. Mathis is associated with over 1,500 such entities in Nevada alone. Further, our research indicates that a one Andrew Tobin Mathis pled guilty to a criminal misdemeanor for willful failure to file a tax return in May 2007. Please confirm whether the Mr. Mathis who is involved with Eiffel Tower is the same individual who pled guilty to tax fraud in 2007. Further, please tell us whether Mr. Mathis has, or had, any active role in the management of Eiffel Tower,



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Samuel H. Rudman
Robbins Geller Rudman & Dowd LLP
August 15, 2012
Page 2

and whether Mr. Mathis would be involved in this litigation. Please also identify the current individuals with management authority for Eiffel Tower and (if different) the individuals who had such management authority on the date Eiffel Tower's certification was signed. We also ask that you inform us as to what position Ralph Romero, Esq. holds in Eiffel Tower, tell us the state(s) in which he is licensed to practice law and explain his authority to sign Eiffel Tower's certification.

GAF's certification also raises questions regarding the positions and authority of its signatories. Michael J. Reynolds and David F. Willis are listed as "Director" but it is not clear whether they are directors of GAF, or directors of Ambassadors Trustees Limited. Further, while we are unable to identify information concerning Ambassadors Trustees Limited, we have identified an entity named Anchor Trustees, a New Zealand-based firm, where a Michael Reynolds and David Willis serve as CEO, and General Manager, respectively. As such, we ask whether the name of the entity on GAF's certification (Ambassadors Trustees Limited) is correct; whether Anchor Trustees is an affiliate of Ambassadors Trustees Limited; and if the Michael Reynolds and David Willis that are employed by Anchor Trustees are the same people who signed GAF's certification. We further ask whether Messrs. Reynolds and Willis would be the individuals acting on behalf of GAF during the litigation and, if not, who would be acting on behalf of GAF.

Similarly, White Dune's certification appears to be signed by its "Managers," Roger Frick and Thomas Narbel. Please confirm that these individuals are, in fact, managers of White Dune and have the authority to sign a certification on its behalf. We also ask that you confirm that these are the two individuals who would be overseeing the litigation on behalf of White Dune, and if not, who those individuals would be.

We believe that responses to these questions and concerns are not only reasonable, but expected, given that Rule 3.3(e) of the New York Rules of Professional Conduct requires disclosure of "the identities of the clients the lawyer represents and of the persons who employed the lawyer." We expect your responses by 6:00pm EST on Thursday, August 16th.

Respectfully,

Gerald H. Silk

cc: Christopher J. Keller
    Sean M. Handler