# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A1 CREDIT COMPANY, | : | |
| f/b/o EILEEN HERSKOWITZ, | : | |
| On Behalf of Itself and All Others | : | |
| Similarly Situated, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RAIT FINANCIAL TRUST, et al., | : | NO. 2:07 cv-03148-LDD |
|     Defendants. | : | |

ORDER

Before the court are four motions[1] for the consolidation of related cases, the appointment of lead plaintiff and the approval of lead counsel in the putative class action securities litigation against RAIT Financial Trust and various other defendants (collectively, "RAIT"). Motions have been filed by: (1) Lewis Vernekoff, New Jersey Carpenters Pension Fund and Pengsen Liu (the "LVC Group"); (2) Brahman Capital Corp. and various related investment entities ("Brahman Capital"); (3) Iron Workers Local No. 25 Pension Fund, Sonny Bhakta, and the Pistilli Family (the "Iron Workers Group") and (4) Richard Stevens and Lance Stevens (the "Stevens Group"). Applying the detailed procedures set forth in the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court orders (i) the consolidation of the various related matters; (ii) the appointment of Brahman Capital as lead plaintiff and (iii) the appointment of Bernstein Litowitz

---

[1] The Employees' Retirement System of the State of Rhode Island, which had also filed a motion, withdrew its motion on October 15, 2007.

Berger & Grossman LLP ("Bernstein Litowitz") as lead counsel.

**I.      Facts**

This case and eight other related matters were filed on behalf of investors who purchased securities of RAIT Financial Trust between June 8, 2006 through and including July 31, 2007.[2] These cases arise out of alleged violations of the federal securities laws, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). The plaintiffs claim that during the previously mentioned dates the defendants caused RAIT's stock price to be artificially inflated by making false and misleading statements to the investing public and by failing to disclose material facts related its exposure to American Home Mortgage ("AHM").

**II.     Discussion**

A. Motions to Consolidate

All movants in this case have filed motions requesting that the various matters related to alleged securities law violations by RAIT be consolidated. These motions are unopposed.

Rule 42(a) of the Federal Rules of Civil Procedure provides "[w]hen actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "A court has broad discretion to consolidate actions involving common questions of law or fact for trial or pretrial purposes if it will facilitate the administration of justice." Smithkline Beecham Corp. v. Geneva Pharm, Inc., No. 99-CV-2926 et al., 2001 WL 1249694, at *5 (E.D. Pa. Sept. 26, 2001). Moreover, the PSLRA

---

[2] For the purpose of adjudicating these motions, we assume, without finding, that June 8, 2006 through and including July 31, 2007 is the relevant class period.

directs that cases should be consolidated when there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Based on the allegations in the complaints, the related matters share significant common issues of law and fact. All the matters allege violations of Section 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5.[3] Furthermore, all the claims in these matters arise from the same set of operative facts related to RAIT's disclosure with respect to its exposure to AHM. Consequently, because the consolidation of the various related actions will facilitate the administration of justice and promote judicial economy without any foreseeable prejudice, the motion to consolidate filed by Brahman Capital is granted.

B. Motions to Appoint Lead Plaintiff

Having determined that consolidation is appropriate, the PSLRA directs that the court "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Section 78u-4(b) provides that:

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Based upon the motions submitted by the movants and their presentations at oral argument, this Court finds that Brahman Capital is entitled to the

---

[3] Though the complaints filed by the A1 Credit Company and Theona B. Salkowitz, Case Nos. 2:07-cv-03148-LDD and 2:07-cv-03406-LD, respectively, allege additional violations under the Securities Act of 1933, the common issues of law among the cases predominate.

3

presumption that it is most adequate plaintiff.

### 1. Motion in Response to Notice

Brahman Capital timely filed it motion to act as lead plaintiff on October 1, 2007. This motion contained the sworn certifications required by 15 U.S.C. § 78u-4(a)(2). Additionally, the notice to members of the purported class, upon which Brahman Capital relies, was timely and adequate.

### 2. Largest Financial Interest

To determine the largest financial interest, the court looks to "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." In re Cendant Corp. Litig., 264 F.3d 201, 262 (3d Cir. 2001). Brahman Capital's submissions indicate that from June 8, 2006 through July 31, 2007, Brahman Capital purchased 1,457,600 net shares of RAIT stocks, this represented a net expenditure of $50,341,314.58 and an approximate loss of $36,578,824.13. Based on the submission of the other movants, it is clear that Brahman Capital has the largest financial interest in the lawsuit.

### 3. Requirements of Rule 23

The final inquiry requires the Court to determine that Brahman Capital has made a *prima facie* showing that "the claims or defenses of [Brahman Capital] are typical of the claims or defenses of the class, and [Brahman Capital] will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); Cendant, 264 F.3d at 263 (discussing need of movant to only make a *prima facie* showing).

#### a. Typical Claims

4

With respect to typicality, the inquiry is "whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based." Cendant, 264 F.3d at 265. (internal citations and quotations omitted). Brahman Capital's circumstances and legal claims are similar to the claims of the other plaintiffs. The claims and injuries of Brahman Capital, like those of the other plaintiffs, arise from the same alleged misconduct by RAIT (i.e. its failure to properly disclose its exposure to AHM). Furthermore, its legal claims, like those of the other plaintiffs, set forth violations of the federal securities laws, namely the Exchange Act.

### b. Adequately Protect

In determining adequacy, the question is whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." Id. (citing Hassine v. Jeffes, 846 F.2d 169, 179 (3d Cir.1988)). Brahman Capital, an institutional investor that has alleged significant losses, is the type of plaintiff that has both the ability and incentive to vigorously pursue the claims of the class. This analysis is consistent with the legislative history of the PSLRA that notes "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake. The claims of both types of class members generally will be typical." H.R. Conf. Rep. 104-327, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 737. In addition, Brahman Capital's choice of an experience class-action securities law firm as lead counsel supports the finding of Brahman Capital's adequacy.

Furthermore, based on Brahman Capital's submissions,[4] there is no indication that there is a conflict between the claims to be asserted by Brahman Capital and the rest of the class. Accordingly, for the reasons set forth above, the Court finds that Brahman Capital satisfies the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii) and, consequently, is entitled to the presumption that it is the most adequate plaintiff.

### 4. Rebutting the Presumption

This presumption, however, may be rebutted "upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interest of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). In considering objections by putative lead plaintiffs "the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[ ] and adequate [ ]' job." Cendant, 264 F.3d at 268.

Here, the Iron Workers Group contends that Brahman Capital would not fairly and adequately protect the interest of the class because it has an interest that conflicts with those of other class members. Specifically, the Iron Workers Group notes that in a registration statement filed on Form S-3 by Atlas Pipeline Partners, L.P. ("Atlas"), Brahman Capital is listed as a selling unitholder. Furthermore, the Iron Workers Group contends that Atlas is a partnership whose founder, chief executive officer and chairman, Edward Cohen, is (a) the husband Betsy

---

[4]In determining, whether a movant is entitled to the rebuttable presumption set forth in 15 U.S.C. § 78u-4, a court only focuses on the materials provided by the movant. Objections to the adequacy of any movant by another putative lead plaintiff are only evaluated by a court in determining whether the presumption has been rebutted. See Cendant, 264 F.3d at 264.

Cohen, the chairman, trustee, and until January 2006 chief executive officer of RAIT, and (b) the father to Daniel Cohen, the chief executive offer of RAIT from January 2006. Both Betsy Cohen and Daniel Cohen are defendants in this matter. Additionally, the Iron Workers Group alleges that Jonathan. Cohen, son of Edward and Betsy Cohen is a vice-chairman of Atlas as well as an officer and director of RAIT. Accordingly, the Iron Workers Group contend that because of the close affiliation of Brahman Capital with the interests of the Cohen family and its interest in Atlas, which exceed $40 million, Brahman Capital has a conflict that disqualifies it from acting as lead plaintiff.

Although the Iron Workers Groups' allegations do indicate a potential conflict of interest, the alleged conflict is insufficient to rebut the presumption that the Brahman Capital is the most adequate plaintiff. In In re Cendant Corp. Litigation, the Third Circuit held that the lead plaintiff, who held a substantial investment in the defendant corporation during the litigation, was not disqualified from as acting as lead plaintiff. Id. at 244. The Third Circuit reasoned that by establishing a preference for institutional investors, who often hold a large stake in defendant corporations prior and during litigation, Congress "must have thought that the situation present here does not inherently create an unacceptable conflict of interest." Id. Applying this principle to the present conflict, the existence of a financial interest by Brahman Capital in a non-defendant corporation is clearly not sufficient to rebut the presumption that Brahman Capital is the most adequate plaintiff. Furthermore, neither the alleged familial relationship between the principals of RAIT and Atlas nor the potential negative economic consequence to Brahman Capital's financial interest in Atlas are sufficiently substantial enough to support the disqualification of Brahman Capital.

7

C. Motions to Appoint Lead Counsel

The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." Cendant, 264 F.3d at 276. Accordingly, it is not a court's responsibility to make the choice itself, but rather to employ a deferential standard and determine whether judicial intervention is "necessary to protect the interest of the plaintiff class." Id. Applying this standard, Brahman Capital's choice of Bernstein Litowitz as lead counsel is reasonable. Based upon Bernstein Litowitz resume and its history of prosecuting various large securities class actions, including In re Cendant Corp. Litigation, Brahman Capital's choice of Bernstein Litowitz, is reasonable.

Accordingly, this 25th of October 2007, upon consideration of the motions, briefs and oral arguments presented by the various movants in this matter and for the reasons set forth above, the following is hereby ORDERED:

1. Iron Workers Local No. 25 Pension Fund, Sonny Bhakta and the Pistilli Family's Motion for Consolidation, Appointment as Lead Plaintiff and to Approve Lead Plaintiff's Selection of Counsel (Doc. No. 8) is DENIED; Stevens Group's Motion to Consolidate Related Cases, For Appointment of Lead Plaintiff and for Approval of Its Choice of Counsel as Lead and Liaison Counsel for the Class (Doc. No. 9) is DENIED; Motion of Employees' Retirement System of the State of Rhode Island for Consolidation of the Related Actions, Appointment as Lead Plaintiff, and for Approval of Its Selection of Lead Counsel (Doc. No. 10) is DENIED; Motion of the LVC Group for Consolidation, for Their Appointment as Lead Plaintiff and for Approval of Lead Plaintiffs' Selection of Co-Lead Counsel (Doc. No. 12) is DENIED and Motion of Brahman Capital Corporation for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel as Lead Counsel for the Class, and Consolidation of all Related Cases (Doc. No. 13) is GRANTED.

2. The Court hereby consolidates the following matters Civil Action Nos. 07-3236, 07-3405, 07-3406, 07-3478, 07-3497, 07-3551, 07-3574 and 07-3831 for all purposes including,

but not limited to, discovery, pre-trial proceedings and trial proceedings, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure under the following caption:

| | | |
|---|---|---|
| IN RE RAIT FINANCIAL TRUST | : | Master File |
| SECURITIES LITIGATION | : | No 2:07-cv-03148-LDD |
| | : | |

3. The Clerk of the Court is directed to close Civil Action Nos. 07-3236, 07-3405, 07-3406, 07-3478, 07-3497, 07-3551, 07-3574 and 07-3831 for statistical purposes.

4. Each new case that arises out of the subject matter of the consolidated action which is filed in this Court or transferred to this Court, shall be consolidated with the consolidated action and this Order shall apply thereto, unless a party object to the consolidation, as provided for herein, or any provision of this Order, within (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of defendant's right to object to consolidation of any subsequently-filed or transferred related action.

5. Brahman Capital is APPOINTED to serve as lead plaintiff.

6. Brahman Capital's selection of lead counsel is APPROVED, and Bernstein Litowitz Berger & Grossman LLP is APPOINTED as lead counsel for the class.

7. Lead counsel shall file consolidated amended complaint by no later than November 26, 2007 and shall serve this consolidated amended complaint on defendants no later than December 17, 2007.

8. Lead counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom lead counsel shall designate:
    a. to coordinate the briefing and argument of motions;
    b. to coordinate the conduct of discovery proceedings;
    c. to coordinate the examination of witnesses in depositions;
    d. to coordinate the selection of counsel to act as spokesperson at pretrial conferences;
    e. to call meetings of plaintiffs' counsel as they deem necessary and appropriate from time to time;
    f. to coordinate all settlement negotiations with counsel for defendants;
    g. to coordinate and direct the pretrial discovery proceedings and the preparations for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and
    h. to supervise any other matters concerning the prosecution, resolution or

settlement of the consolidated action.

9. No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of lead counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of lead counsel.

10. Lead counsel shall have the responsibility of receiving and disseminating the Court's orders and notices.

11. Lead counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokesperson for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

BY THE COURT:

/S/LEGROME D. DAVIS

_____Legrome D. Davis, J.